UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| CALVIN MILLER | § |
| | § CIVIL ACTION _____ |
| | § |
| VS. | § JURY TRIAL DEMANDED |
| | § |
| | § |
| MILLIS TRANSFER | § |

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. PARTIES

1. Plaintiff, CALVIN MILLER, is an individual that is a citizen of the State of Texas residing in Gregg County, Texas.

2. Defendant, MILLIS TRANSFER is a corporation that is incorporated under the laws of the State of Wisconsin. Defendant has its principal place of business in the State of Wisconsin. Defendant may be served with process by serving its registered agent, Harold Brown, 3501 South Interstate 35W, Burleson, Texas 76028.

### B. JURISDICTION AND VENUE

3. Plaintiff is a resident of the State of Texas, and more particularly the Eastern District of Texas. Defendant, MILLIS TRANSFER is a corporation in the State of Wisconsin, thereby creating a diversity of citizenship between Plaintiff and Defendant. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. This Court has jurisdiction of this action under 28 U.S.C., § 1332, and venue is proper herein under 28 U.S.C., § 1391 because the cause of action accrued within the Eastern District of Texas.

### C. FACTS

4. On or about September 18, 2012, Plaintiff was operating a a forklift on a portable

dock at his place of employment, Giglio Distributing, unloading a tractor trailer owned by Millis Transfer and operated by their driver, Paul Henson. Defendant's driver, Paul Henson, pulled away from the portable dock causing Plaintiff to fall from his seat on the forklift onto the forks of the forklift. Plaintiff sustained serious injuries as a result of this incident.

### D. CAUSE OF ACTION: NEGLIGENCE

5. At the time and place in question, the Defendant's employee was operating the tractor trailer negligently by:

   a. Failing to maintain a proper lookout.

   b. Failing to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

### E. RESPONDEAT SUPERIOR

6. At the time of the collision in question, Defendant's employee, Paul Henson, was in the course and scope of his employment with the Defendant, MILLIS TRANSFER. Plaintiff therefore invokes the doctrine of *respondeat superior*.

### F. DAMAGES

7. As a proximate result of the collision, Plaintiff suffered severe personal injuries because of negligence of Defendant's driver. Specifically, he has suffered:

   a. Past and future physical pain and mental anguish, meaning the conscious physical pain and emotional pain, torment and suffering, experienced by CALVIN MILLER as a result of the occurrence in question;

   b. Medical expenses, meaning the medical expenses which have been incurred by CALVIN MILLER in the past, and which will in reasonable probability be incurred in the future;

   c. Disfigurement and physical impairment, both past and future; and

   d. Loss of earnings.

All damages were the proximate result of the negligence of Defendant's employee, Paul Henson.

## PRAYER

8. Plaintiff respectfully pray that on final trial of this cause, Plaintiff have judgment for his damages against Defendant, pre-judgment and post-judgment interest as provided by law, costs of suit, and such other and further relief at law and in equity to which Plaintiff may show himself justly entitled.

Respectfully Submitted,

LAW OFFICE OF
BRADLEY T. STEELE
1101 Judson Road
Longview, Texas 75601
(903) 234-8844
Fax: (903) 234-8848
E-mail: brad@bradsteelelaw.com

BY: _____
BRADLEY T. STEELE
STATE BAR NO. 19099350

ATTORNEY FOR PLAINTIFF

PLAINTIFF HEREBY DEMAND TRIAL BY JURY